

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00193-CR

TEDDY HICKMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2011-432,681, Honorable John J. "Trey" McClendon, Presiding

April 28, 2015

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Teddy Hickman appeals his conviction for indecency with a child by sexual contact[1] and resulting two-year sentence of confinement in prison.

The clerk's record was filed on June 23, 2014, and the reporter's record on December 1, 2014. Appellant's brief was due on December 31 but was not filed. After notice from the Court, appellant's counsel requested an extension of time, which was granted to February 16. Counsel filed a second motion for extension of time on

---

[1] TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

February 17. The request was granted and the deadline extended until March 9. The brief was not filed. Written notice was again given requiring that counsel file appellant's brief and a motion for additional time on or before March 26. The brief was not filed but on March 26 counsel filed a third motion for additional time. In the request, counsel requested an extension of time until April 3. The request was granted but appellant's brief was not filed. The court has had no further communication from appellant's counsel.

Appellate rule 38.8(b) provides in part that in a criminal case an appellant's failure to file a brief does not authorize either dismissal of the appeal or consideration of the appeal without briefs, unless the trial court has found either (1) that the appellant no longer desires to prosecute the appeal, or (2) that the appellant is not indigent but has not made the necessary arrangements for filing a brief. TEX. R. APP. P. 38.8(b)(1),(4). Therefore, we abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b). TEX. R. APP. P. 38.8(b).

On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

1. whether appellant is indigent and entitled to the appointment of counsel;

2. whether appellant desires to prosecute his appeal;

3. whether appellant has abandoned the appeal or failed to make necessary arrangements for filing a brief;

4. the reason for the failure to file a brief; and

5. if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

Should the trial court determine appellant does want to prosecute this appeal and is indigent, it shall determine whether present counsel should remain as appellant's appellate counsel or new counsel should be appointed. Should the trial court appoint new counsel or if appellant has retained new counsel, the name, postal service and e-mail addresses, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court in an order of the trial court.

Finally, the trial court shall execute findings of fact, conclusions of law, and any orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record to be filed with the Clerk of this Court by May 28, 2015.

New counsel, if any, shall file appellant's brief within thirty days of the date of engagement or appointment; however, should current counsel be permitted to remain as counsel, he shall file appellant's brief within five days of the trial court's decision.

It is so ordered.

Per Curiam

Do not publish.